The UNITED STATES of America, Petitioner/Counterdefendant,

v.

AIR FLORIDA, INC., Respondent/Counterclaimant and Third-Party Plaintiff,

v.

NATIONAL MEDIATION BOARD, its Chairman Robert J. Brown, Member Robert O. Harris, Individually and Collectively as its Members, and its Executive Secretary, Rowland K. Quinn, Jr.; Air Line Employees Association, International; The International Association of Machinists and Aerospace Workers, AFL–CIO; and the Negotiating Committee of the Airport and Ramp Service Agents of Air Florida, Inc. through its Chairman, Timothy P. O'Brien, Acting on Behalf of a Class or Craft as described in more particularity herein, Third-Party Defendants.

No. 81–2783–Civ–SMA.

United States District Court, S. D. Florida, Miami Division.

Feb. 12, 1982.

See also, D. C., 534 F.Supp. 1.

Joseph Z. Fleming, Fleming & Huck, Miami, Fla., for Air Florida, Inc.

Barbara Ward, U. S. Dept. of Justice, Washington, D. C., for the Federal Defendants; Ronald M. Etters, Nat. Mediation Bd., Washington, D. C., of counsel.

Wyatt Johnson, Senior Vice President and Gen. Counsel, Air Line Emp. Ass'n., Intern., Chicago, Ill., George H. Tucker, Manners, Amoon, Whatley & Tucker, Miami Springs, Fla., for Intern. Ass'n of Machinists and Aerospace Workers, AFL–CIO.

Joseph P. Manners, Gen. Counsel, IA-MAW, Washington, D. C., John-Edward Alley, Alley & Alley, Tampa, Fla., for the Negotiating Committee of the Airport and Ramp Service Agents of Air Florida, Inc.

## FINAL ORDER

ARONOVITZ, District Judge.

Plaintiff, THE UNITED STATES OF AMERICA, brought this petition-suit

against Respondent, AIR FLORIDA, INC., to enforce an August 24, 1981 directive of the National Mediation Board to provide an alphabetical set of employee address labels so that the Board could conduct an all-mail secret ballot election among certain Air Florida employees to determine their employee representative.

Air Florida filed a Counterclaim and Third-Party Complaint against the NATIONAL MEDIATION BOARD and its members, the AIR LINE EMPLOYEES ASSOCIATION, THE INTERNATIONAL ASSOCIATION OF MACHINISTS AND AEROSPACE WORKERS, AFL–CIO, and THE NEGOTIATING COMMITTEE OF THE AIRPORT AND RAMP SERVICE AGENTS OF AIR FLORIDA, which mirrored its complaint in Case No. 81–1932–Civ–SMA. The complaint in Case No. 81–1932–Civ–SMA alleges that the National Mediation Board unlawfully executed its duty pursuant to 45 U.S.C. § 152, Ninth, to investigate the representation dispute which gave rise to the National Mediation Board's employee list directive. The facts and ruling of the Court in Case No. 81–1932–Civ–SMA are more fully set forth in this Court's Memorandum Opinion entered therein under even date herewith, 534 F.Supp. 1 (S.D.Fla.1982). Air Florida also filed a Motion to Vacate the Court's Show Cause Order in Case No. 81–2783–Civ–SMA, which required Respondent to show cause at a January 18, 1982 hearing why it should not be compelled to obey the August 24, 1981 National Mediation Board directive.

On January 19, 1982, after a lengthy hearing,[1] the Court entered an Omnibus Order (docket entry # 20) herein, denying Air Florida's Motion to Consolidate Case Nos. 81–1932–Civ–SMA and 81–2783–Civ–SMA; granting the Government's Petition to Enforce the Directive of the National Mediation Board; denying Air Florida's Motion to Vacate the Show Cause Order; ordering Air Florida to produce the request-

ed alphabetical employee address lists within twenty-five days therefrom; and denying Air Florida's Motion for Summary Judgment. The Court also granted the Government's *ore tenus* Motion to Dismiss Air Florida's counterclaim at the January 18, 1982 hearing.

Air Florida has filed a Motion for Rehearing under Rule 59, Fed.R.Civ.P., asserting that the facts and the law dictate that the Court reconsider its January 19, 1982 Omnibus Order. Air Florida asks the Court to stay or set aside the Order as to the production of the election list. Similarly, the Negotiating Committee has filed a Request for Reconsideration and/or an Extension of Time Regarding Court Ordered Production.

The Court having considered these requests, the applicable law, and the entire record herein, hereby adopts and reaffirms its January 19, 1982 Omnibus Order with the following *additions*:

1. Air Florida contends that since it alleges, *inter alia*, standing, ripeness, subject matter jurisdiction and failure to investigate and follow the duty required by 45 U.S.C. § 152, Ninth, the Court is precluded from granting a motion to dismiss on those grounds and prevented from granting the Government's Petition. The Supreme Court has held that the defenses to a subpoena enforcement action are limited to the issues of whether the agency has the statutory authority to make the request and whether the request is reasonably related to its authority. *Oklahoma Press Publishing Co. v. Walling*, 327 U.S. 186, 208, 66 S.Ct. 494, 505, 90 L.Ed. 614 (1945); *Endicott Johnson Corp. v. Perkins*, 317 U.S. 501, 509–510, 63 S.Ct. 339, 343–42, 87 L.Ed. 424 (1943). The issues raised by Air Florida in its counterclaim and third-party complaint, and reiterated in its motion for rehearing, are not properly raised as defenses against this lawful subpoena request. *See, United States v. Feaster*, 376 F.2d 147 (5th Cir.

---

1. At this hearing, noticed as an evidentiary hearing on any matter properly the subject thereof, no party offered any testimony or evidence. However, as Air Florida correctly notes, the documentation attached to the verified claims was regarded as evidence by virtue of the stipulation of the parties.

1967), *cert. denied*, 389 U.S. 920, 88 S.Ct. 237, 19 L.Ed.2d 265 (1967).

■ Moreover, although on a motion to dismiss the well pleaded allegations of fact are taken as true, the court need not accept conclusions of law or sweeping legal conclusions cast in the form of factual allegations. *See, Assoc. Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974); Wright & Miller, Fed. Practice and Procedure, § 1357; Moore, Fed. Practice, ¶ 12.08. Air Florida's allegations of standing, ripeness, subject matter jurisdiction and failure to investigate are legal conclusions to be drawn by the court, not by the parties.

■ 2. Air Florida alleges in Count II of its counterclaim that the Air Line Employees Association's failure to serve it with a copy of the original application for a representative investigation constituted "a violation of the Government in the Sunshine Law, 5 U.S.C. § 552(b), at § 557(d)(1)(D) by the National Mediation Board." Air Florida argues that the Government in the Sunshine Act grants statutory standing and, therefore, it does not have to meet the narrow exceptions to judicial review of the National Mediation Board's Railway Labor Act decisions. The Court adopts the reasoning stated above in ¶ 1 and notes that the issue of a possible violation of the Government in the Sunshine Act is not a proper defense to this subpoena request.[2] Alternatively, § 557 specifically states that it applies only when a hearing is required in accordance with § 556 of Title 5. Section 556 applies, according to the language of that section, to hearings required by § 553, on rulemaking, or § 554, on adjudicatory actions. Thus, by its terms, and contrary to Air Florida's allegations, § 557 does not apply to § 552. Accordingly, Count II, the Government in the Sunshine Law claim, fails to state a claim for relief.

■ 3. The failure of the National Mediation Board to certify the names of the

employee representatives within thirty days after receipt of the invocation of its services does not invalidate the Board's investigation and subpoena request, nor does it state an exception to the ban on judicial review of Board action. This time provision has been held to be directory rather than mandatory. *System Fed'n No. 40, Railway Employees Dept. v. Virginian Ry. Co.*, 11 F.Supp. 621, 627 (E.D.Va.1935), *aff'd*, 84 F.2d 641 (4th Cir. 1936), *aff'd*, 300 U.S. 515, 57 S.Ct. 592, 81 L.Ed. 789 (1937). In the instant case, there is no evidence that the delay was attributable to any lack of diligence on the part of the Board. Indeed, the parties herein who are complaining of the delay, Air Florida and the Negotiating Committee, filed lengthy motions with the Board to dismiss the representative application and additional motions to reconsider the denial of the motions to dismiss. These motions required time for consideration and extensive orders, thus contributing to any delay of the investigation by the Board.

4. Air Florida's Third-Party Complaint against the Air Line Employees Association, the International Association of Machinists and The Negotiating Committee shall be dismissed. Because the Court has granted the relief sought by the United States of America, these claims are now moot, particularly since no affirmative relief is sought against these parties.

Accordingly, it is

ORDERED AND DIRECTED that Air Florida's Motion for Rehearing on its Omnibus Order and The Negotiating Committee's Request for Reconsideration and/or an Extension of Time Regarding Court Ordered Production are hereby DENIED. It is

FURTHER ORDERED AND DIRECTED that Air Florida's Third-Party Complaint against the Air Line Employees Association, The International Association of Machinists and Aerospace Workers, and The Negotiating Committee is hereby DISMISSED.

---

2. Air Florida has in fact been given these documents pursuant to a Freedom of Information Act request, 5 U.S.C. § 552, and therefore is not seeking any documents to which it has been denied access.

A Final Judgment is entered in accordance herein under even date herewith.