821 So.2d 446 (2002)
Sixto OLIVA, on behalf of himself and all others similarly situated, Appellant,
v.
STATE of Florida, Appellee.
No. 1D01-300.
District Court of Appeal of Florida, First District.
July 19, 2002.
*447 Elizabeth K. Russo and Daniella Friedman of Campbell Denes & Brown and Russo Appellate Firm, Miami, for Appellant.
Robert Butterworth, Attorney General, James A. Peters, Special Counsel and Louis F. Hubener, Assistant Attorney General, Tallahassee, for Appellee.
ALLEN, C.J.
The appellant challenges an order dismissing a civil complaint by which he sought to recover a share of the proceeds which the state would obtain pursuant to a settlement agreement in its separate action against various tobacco companies. The state's action was based on Medicaid payments involving smoking-related illnesses, and the appellant claimed that as a Medicaid recipient for such an illness he is statutorily entitled to a share of excess proceeds (above Medicaid costs) in the settlement. We conclude that in dismissing the complaint with prejudice the trial court correctly applied the pertinent statutes, and properly determined that the appellant is not a third-party beneficiary or otherwise statutorily entitled to share in the settlement proceeds.
The appellant's claim is based on provisions of state and federal law which provide a distribution scheme for the state's recovery of Medicaid costs from a liable third party. As indicated at 42 U.S.C. section 1396a(a)(25), the state is obligated to ascertain the legal liability of third parties for services provided under the Medicaid program and to seek reimbursement to the extent of such liability. Section 409.910, Florida Statutes, implements this mandate, specifying at subsection (4) that the state shall seek reimbursement from a liable third party, but that this is not to exceed the cost of the services paid by Medicaid. Nevertheless, section 409.910(7) directs that after the appropriate state and federal costs are reimbursed any remaining amount shall be distributed to the Medicaid recipient. This accords with a similar federal directive at 42 U.S.C. section 1396k(b). However, the federal act excludes these tobacco settlement proceeds from this distribution scheme, see 42 U.S.C. section *448 1396b(d)(3)(B), and section 409.910(7) likewise excludes proceeds from claims which the state asserts in its own behalf rather than as a subrogee of a Medicaid recipient. The appellant contends that the section 409.910(7) and 42 U.S.C. section 1396b(d)(3)(B) exclusions should not apply here, arguing that he has a right to share in the state's settlement proceeds. As the appellant notes, the state and federal exclusions were both enacted after Florida's settlement of its separate action, as well as various other states' participation in a Master Settlement Agreement resolving their claims against several tobacco companies.[*] The appellant's claim is based on an assumption that apart from these exclusions, the statutory distribution scheme pertains to the state's settlement proceeds. But that assumption is unwarranted, in that the circumstances here do not indicate that the distribution scheme would apply or that the appellant would be entitled to any share of the settlement proceeds.
As numerous cases indicate, a Medicaid recipient is entitled to a share under the distribution scheme only when the state recovers excess funds (above Medicaid costs) in a derivative action upon assignment from the recipient. See, e.g., McClendon v. Georgia Department of Community Health, 261 F.3d 1252 (11th Cir.2001); Watson v. Texas, 261 F.3d 436 (5th Cir.2001); Floyd v. Thompson, 227 F.3d 1029 (7th Cir.2000); Gomer v. Philip Morris, Inc., 106 F.Supp.2d 1262 (M.D.Ala.2000). These cases, in addressing distribution claims in connection with the Master Settlement Agreement, have consistently and unequivocally held that Medicaid recipients are not entitled to a share of such proceeds. The cases explain that the distribution scheme does not apply because the settlement did not encompass an excess recovery, and was predicated on either a limited assignment (for Medicaid costs) or a direct state claim which did not require any assignment. Although Florida was not a party to the Master Settlement Agreement, this state's settlement of its own separate action is of a similar character. The Florida statute provides for subrogation and automatic assignment of the Medicaid recipient's claim against a liable third party, to the extent of the amount of the associated Medicaid expenditures. See § 409.910(6)(a) and (b)1, Fla. Stat. The statute likewise limits the state's recovery from the third party to the amount of such expenditures, see section 409.910(4), Fla. Stat., while further providing the state with the authority to pursue a direct independent action on its own behalf apart from any subrogation or assignment. See § 409.910(11), Fla. Stat.
The separate action which the state brought against the various tobacco companies sought recovery of the Medicaid costs associated with smoking-related illnesses, pursuant to section 409.910. Such recovery was not claimed under a derivative theory, and although the settlement waives further economic claims by the state in the full range of its capacities (directly, indirectly, representatively, and derivatively) it does not address the potential claims of individual citizens who may have sustained damages which are not subsumed within the state's Medicaid costs. Like the federal courts which considered the other states' actions and the Master Settlement Agreement in cases such as McClendon, Watson, Floyd, and Gomer, we conclude that the appellant has not demonstrated any basis for application for the statutory distribution scheme, in that it *449 has not been shown that the Florida action and settlement involved any excess recovery or assignment above the state's own independent claim for Medicaid costs. The statutory distribution scheme does not apply in these circumstances, and the appellant's complaint was therefore properly dismissed.
The appealed order is affirmed.
MINER and DAVIS, JJ., CONCUR.
NOTES
[*] Although the appealed order may be upheld without resort to these exclusions, we note that retroactive application of the federal provision was approved in Harris v. Owens, 264 F.3d 1282 (10th Cir.2001).