**ASSOCIATED BUILDERS, INC.,**
Plaintiff-Appellant,

v.

**ALABAMA POWER COMPANY,**
Defendant-Appellee.

No. 73-3278.

United States Court of Appeals,
Fifth Circuit.

Dec. 13, 1974.

98

Phillip Henry Pitts, Joe T. Pilcher, Jr., Selma, Ala., for plaintiff-appellant.

John Bingham, Thomas W. Christian, Birmingham, Ala., for defendant-appellee.

Before WISDOM and CLARK, Circuit Judges, and GROOMS, District Judge.

WISDOM, Circuit Judge:

Associated Builders, Inc. filed this class action suit in federal district court alleging that it had purchased three bonds in reliance on a prospectus which misrepresented the redemption provisions of the bonds. Associated Builders sought damages under Sections 12 and 17 of the Securities Act of 1933, 15 U.S.C. §§ 77l and 77q; Sections 18 and 10 of the Securities Exchange Act of 1934, 15 U.S.C. §§ 78r and 78j(b), and Rule 10b–5, 17 C.F.R. § 240.10b–5, promulgated thereunder.[1] The district court mistakenly treated the suit as an action for breach of contract and dismissed the complaint for failure to state a claim which would invoke federal jurisdiction. Because we conclude that a reasonable fact-finder could not find that the prospectus, appended to the complaint, was misleading, we agree with the district court that dismissal was appropriate. The appropriate ground for dismissal, however, is failure to state a claim, not want of federal jurisdiction. Accordingly, we vacate and remand the case for entry of an appropriate order of dismissal.

I.

The Facts

In November 1970, Alabama Power Company issued $60 million of first mortgage bonds, under a mortgage indenture between the company and the Chemical Bank as trustee. The bonds were to yield nine percent interest and to mature November 1, 2000. Underwriters purchased the entire issue, at prices slightly below par and sold the bonds at par to the public. In February 1971, Associated Builders, allegedly under the impression that the bonds were absolutely protected against call without premium until November 1, 1975, bought three $1,000 bonds in the after market from a broker. Associated paid $1,060 for each bond. In March 1972, Alabama Power notified bondholders of its intent to redeem roughly $7 million of the bonds at par, without premiums, chosen by lot by the trustee. The redemption notice listed two of the three bonds held by Associated Builders. One year later, Alabama sought to redeem an additional $8 million of the series 2000 bonds. The appellant's third bond was not included in this call.

Associated Builders, after receiving the first redemption notice, wrote Alabama Power demanding an explanation,

---

1. The plaintiff-appellant contends also that the prospectus violated the Public Utility Holding Company Act of 1935, 15 U.S.C. § 79p.

and contending that Alabama lacked authority to redeem the bonds without premium before November 1975. Alabama Power replied that consistent with the mortgage indenture and the prospectus, the redemptions were being made by operation of the sinking fund. It claimed the right, in accordance with the terms of the mortgage indenture, to redeem the bonds at any time, without premium, if the redemption were by operation of the sinking fund. On the other hand, if the redemption were otherwise than by operation of the sinking fund, Alabama could redeem the bonds only at stated premium prices, but could not redeem the bonds before November 1, 1975, for the purpose of refunding them at a lower interest rate.

Associated Builders, asserting that the redemption was unlawful, forwarded only one of its called bonds and retained the other. It sold the third bond, which had not been called, for $1,080, realizing a $20 profit.

## II.

### The Complaint

The complaint alleged that the prospectus "included an untrue statement of a material fact or omitted to state a material fact necessary in order to make the statements made in the light of the circumstances under which they were made, not misleading".[2] Specifically, Associated Builders cited three portions of the prospectus and concluded that the action seeking to redeem the bonds "was contrary to the representations made by the Defendant in the prospectus, in that no premium was paid upon the redemption and in that the redemption was sought to be accomplished at a regular redemption price prior to November 1, 1975, for the purpose or in anticipation of refunding at an effective interest cost of less than 9.07%." In short, liberally

and fairly read, the complaint charged, in the words of the appellant's brief, "simply that the prospectus was misleading in that it erroneously suggested to purchasers that no such redemption could be made".

No underlying facts are in dispute. The appellant did not allege in its complaint or on appeal that the redemption was inconsistent with the terms of the mortgage indenture. Nor has the appellant alleged at any point that the redemption was not by operation of the sinking fund. The only allegation is that the prospectus, appended to the complaint, was misleading on its face in allegedly suggesting that no bonds could be redeemed before November 1, 1975, without premium, if the redemption were for the purpose of or in anticipation of refunding at a lower interest rate. Because we conclude from the face of the prospectus that no such misleading representation was made, we hold that Associated Builders has failed to allege a claim on which relief can be granted under the federal securities laws. 15 U.S.C. § 77*l* and 77q; 78r and 78j(b); Rule 10b–5, 17 C.F.R. 240.10b–5.

This court does not favor judgments of dismissal. Such judgments, as we have noted elsewhere, have a high mortality rate. E. g., Thompson v. Allstate Insurance Co., 5 Cir. 1973, 476 F.2d 746. Nonetheless, complaints are not impregnable. "A [complaint] may be dismissed on motion if clearly without any merit; and this want of merit may consist in an absence of law to support a claim of the sort made, or of facts sufficient to make a good claim, or in the disclosure of some fact which will necessarily defeat the claim." De Loach, v. Crowley's, Inc., 5 Cir. 1942, 128 F.2d 378. See 2A Moore's Federal Practice ¶ 12.08 at 2271 (2d ed. Supp.1974). Judgments of dismissal and summary

2. 15 U.S.C. §§ 77*l*, 77q, 78r, and 78j(b): Rule 10b–5, 17 C.F.R. 240.10b–5. Similarly, the pertinent section of the Public Utility Holding Company Act of 1935 provides for recovery of actual damages suffered by rea-

son of statements which "at the time and in the light of the circumstances under which it was made [was] false or misleading with respect to any material facts . . . ." 15 U.S.C. § 79p.

judgments, in proper cases, maintain the integrity of the law.

■ On a motion to dismiss, the well pleaded allegations of fact are taken as true. E. g. Campbell v. Beto, 5 Cir. 1972, 460 F.2d 765. Accordingly, for the purposes of our review of the judgment of dismissal, we accept as true that the bonds were redeemed without premium for the purpose of refunding the bonds at an interest rate lower than 9.07 percent. We do not, however, accept Associated Builders' conclusory allegation that the prospectus was materially misleading. Conclusory allegations and unwarranted deductions of fact are not admitted as true, Ward v. Hudnell, 5 Cir. 1966, 366 F.2d 247, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), Fed. R.Civ.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate. See Jacksonville Newspaper Printing Pressmen & Assistants' Union No. 57 v. Florida Publishing Co., 5 Cir., 468 F.2d 824, cert. denied 411 U.S. 906, 93 S.Ct. 1531, 36 L.Ed.2d 196. With these truisms in mind, we turn to the prospectus.

### III.

### The Prospectus

■ The prospectus dealt with the redemption provisions of the bonds in three different sections, all quoted in the complaint. Each of the three served a different function in the prospectus and presented a greater or lesser amount of detail accordingly.

On the cover page, an introductory description of the bonds included the following statement:

> "The bonds are redeemable at the redemption prices set forth on page 27; however, no bonds may be redeemed at a regular redemption price prior to November 1, 1975 for the purpose of refunding at an effective interest cost of less than 9.07%"

Then at page 13, under the heading, "DESCRIPTION OF NEW BONDS", there is a cross-reference to a subsection captioned "Redemption Provisions of New Bonds". The cross-reference advised that this subsection "among other matters describes the terms of a limitation on the right of ALABAMA to redeem a new bond prior to November 1, 1975, if such redemption is for the purpose or in anticipation of the refunding of such bond".

Finally, at page 27, the most complete description of the redemption provisions, referred to by both the above quoted sections, provided under the caption "REDEMPTION PROVISIONS OF NEW BONDS":

> "The new bonds are redeemable by ALABAMA in whole or in part at any time on 30 days' notice at the principal amount and accrued interest, together (a), if redeemed otherwise than by operation of the improvement (sinking) fund or the maintenance and replacement provisions of the Mortgage and otherwise than by the use of proceeds of released property, with a premium equal to a percentage of the principal amount thereof determined as set forth in the tabulation below under the heading 'Regular Redemption Premium', provided, however, that none of the new Bonds shall be so redeemed prior to November 1, 1975 if such redemption is for the purpose or in anticipation of refunding such new Bond through the use, directly or indirectly, of funds borrowed by ALABAMA at an effective interest cost to ALABAMA (computed in accordance with generally accepted financial practice) of less than 9.07% per annum, *and (b), if redeemed by operation of the improvement (sinking) fund or the maintenance and replacement provisions of the Mortgage or by the use of the proceeds of released property, without premium* . . ."

(emphasis added)

This description of the redemption provisions of the bonds makes clear that

Alabama Power retained the right to redeem the bonds "at any time", "without premium", if the redemption were by operation of the sinking fund, and that the call protection would apply only if the redemption were made *otherwise* than by operation of the sinking fund. The prospectus directs attention to this description in at least three cross-references: in the introductory statement on the cover page, in the table of contents at page 2, and in the general description of the new bonds at page 13. Only by the most cursory reading of the prospectus could the investor have been unaware of this full description of the redemption features of the bonds. Indeed, this description of the redemption provisions was reproduced on the face of the bonds themselves.

Although the introductory statement on the cover page was, taken by itself, incomplete, it did not purport to be either *complete or self-explanatory.* It did omit information that the call protection described was limited to redemptions made otherwise than by operation of the sinking fund, but that fact was supplied in the description set forth on page 27 of the prospectus. The investor was not required to search the prospectus to find the language at page 27 which qualified the introductory statement; the introductory statement itself explicitly directed him to it. Moreover, the call protection as described on the cover page did not purport to be self-explanatory. The investor was required to turn to the description at page 27 to learn what redemption prices were being offered. Without that information, the value of the call protection described could not be assessed.

In light of the disclosures made in the description of the redemption provisions on page 27 of the prospectus, purchasers of the bonds cannot make a good faith argument that the prospectus omits the material facts pertaining to those provisions. The complaint should not be read as alleging total non-disclosure; it alleges only inadequate disclosure—disclosure of material facts in such a way as to render the prospectus as a whole misleading.

We conclude, to the contrary, that the prospectus adequately disclosed the redemption provisions of the bonds. The statement on the cover page must be read in context, "in light of the circumstances in which it was made". It was intended to be, and should have been, read in connection with the description at page 27. So read, it was not misleading, nor was the prospectus as a whole. Moreover, as Chief Judge Lumbard has pointed out, it is "reasonable [for the issuer] to assume that investors who [purchase] their bonds would familiarize themselves with the conditions under which they were issued, and particularly the terms of redemption, by reading the few short paragraphs on the face of the bonds". Abramson v. Burroughs Corp., S.D.N.Y.1972, CCH Fed.Sec.L.Rep. ¶ 93,-456 at 92,254.

On appeal, Associated Builders relies on other omissions not specifically stated in its complaint. The prospectus, in itself, refutes each of these additional allegations.

First, the appellant contends that the prospectus failed to inform investors that all payments into the sinking fund might be applied to retire the nine percent series, due in 2000. The description of the sinking fund, however, could not be more clear on that point:

"Any cash so deposited is to be used by the Trustee for the retirement of bonds of such series as may be designated by ALABAMA (except that, through 1974, retirement of the bonds of the Series due 1999 through operation of the improvement or sinking fund provisions is limited to the improvement fund requirement attributable to that series, i. e., $350,000 annually)."

The appellant argues that the prospectus failed to caution investors about foreseeable increases in the sinking fund requirement. The prospectus, however, made no implied representation that requirements of the sinking fund would

not increase. The prospectus stated that the mortgage required annual payments into the sinking fund equal to one percent of the bonds outstanding under the mortgage. Thus it was clear that each new issue of first mortgage bonds would increase the sinking fund requirement. There was no suggestion in the prospectus that new bonds would not be issued at some time in the future. Indeed, the prospectus specified that the mortgage indenture authorized issuance of new bonds.

In its brief, the appellant asserts, for the first time, that Alabama Power must have had reasonably firm plans for the issuance of additional bonds which would have the effect, when implemented, of increasing the sinking fund requirement, thereby increasing the number of bonds which could be redeemed without premium at a relatively early date. The appellant, however, does not allege that the redemptions complained of could not have been made out of a sinking fund of the size represented in the prospectus, even in the absence of an increased fund. This aside, it is unnecessary to consider any undisclosed plans for new bond issues. This alleged fact, outside the prospectus, was not pleaded, nor could it be inferred from the allegations in the complaint, which otherwise attacked the prospectus as misleading on its face.

■ Finally, Associated Builders contends that Alabama Power is chargeable with an actionable omission because it failed to inform potential investors that the indenture vested discretion in the trustee to determine the method of choosing which bonds to redeem within a given series. This so-called omission is not material and is worth only a bare mention. The prospectus explicitly advised that Alabama Power was authorized to make a complete redemption for sinking fund purposes. That, in the event of a partial redemption, the trustee could select by lot or other method the bonds to be redeemed is not, we hold, a fact of sufficient consequence to support a jury finding that a reasonable man "would attach importance to [it] in determining his course of action." Smallwood v. Pearl Brewing Company, 5 Cir. 1974, 489 F.2d 579, 604.

## IV.

### Conclusion

■ We agree with the district court that the prospectus was not misleading, as a matter of law. The appropriate disposition of this case, however, is not dismissal for want of subject matter jurisdiction but dismissal for failure to state a claim under the federal securities laws. Rule 12(b)(6), Fed.R.Civ.P. Accordingly, we vacate and remand the case to the district court for entry of an order dismissing the appellant's claim under that rule.

The complaint attacks the prospectus as misleading on its face. We leave to the district court the question whether Associated Builders should be permitted to amend its complaint.

Vacated and remanded with directions.