Stephen F. ANDERSON, et
al., etc., Plaintiffs,

v.

AETNA SERVICES, INC.,
etc., Defendant.

No. 97–2519–Civ–T–17E.

United States District Court,
M.D. Florida,
Tampa Division.

Feb. 22, 1999.

Austin Dean Hoolihan, Hoolihan, Hilleboe & Wollett, P.A., Clearwater, FL, F. Wallace Pope, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater,

FL, for Stephen F. Anderson, Lori W. Dion.

John William Robinson, IV, William Donald Cox, Kevin Douglas Zwetsch, Fowler, White, Gillen, Boggs, Villareal & Banker, P.A., Tampa, FL, for Aetna Services, Inc., Aetna Life Ins. Co.

Austin Dean Hoolihan, Hoolihan, Hilleboe & Wollett, P.A., Clearwater, FL, F. Wallace Pope, Sharon Elaine Krick, Johnson, Blakely, Pope, Bokor, Ruppel & Burns, P.A., Clearwater, FL, for Keith Watson, Stephanie Joesphik, Theresa Ginnetti, Roberta Yancey, Trudy Wood, Patricia Taylor Moore.

## AMENDED ORDER ON MOTIONS

KOVACHEVICH, Chief Judge.

This cause is before the Court on the following:

Dkt. 20 Motion to Dismiss Amended Complaint

Dkt. 22 Response

Dkt. 23 Request for Oral Argument

Dkt. 25 Notice of Filing Affidavits

Dkt. 26 Affidavit

Dkt. 27 Notice of Filing Affidavits

Dkt. 28 Affidavit

Dkt. 29 Affidavit

Dkt. 30 Motion for Leave to File Supplemental Affidavit

Dkt. 33 Response

The purpose of this Amended Order is to correct the date of the Order only. Dkt. 30 Motion for Leave to File Supplemental Affidavit

After consideration, the Court denies the Motion. The Court deemed a Motion to Dismiss a Motion for Summary Judgment. Plaintiffs had responded to the Motion to Dismiss. Plaintiffs were granted the opportunity to file supporting documents, and did so. Based on the Court's analysis of the issues raised by the Motion, the Court concludes it would be futile to grant an additional response time.

Dkt. 20 Motion to Dismiss

The Complaint in this class action suit was filed pursuant to the Employment Retirement Income Security Act, 29 U.S.C. 1001 et seq. Defendant moved to dismiss the Complaint for failure to state a cause of action under Federal Rule 12(b)(6). Plaintiffs then filed an Amended Complaint (Dkt.16). Defendant filed a Motion to Dismiss (Dkt.20), to which Plaintiffs responded (Dkt.22). The Court deemed the Motion to Dismiss a Motion for Summary Judgment, and both parties filed supporting affidavits.

## STANDARD OF REVIEW

This circuit clearly holds that summary judgment should only be entered when the moving party has sustained its burden of showing the absence of a genuine issue as to any material fact when all of the evidence is viewed in the light most favorable to the nonmoving party. *Sweat v. The Miller Brewing Co.*, 708 F.2d 655 (11th Cir.1983). All doubt as to the existence of a genuine issue of material fact must be resolved against the moving party. *Hayden v. First National Bank of Mt. Pleasant*, 595 F.2d 994, 996–7 (5th Cir.1979), quoting *Gross v. Southern Railroad Co.*, 414 F.2d 292 (5th Cir.1969). Factual disputes preclude summary judgment.

The Supreme Court of the United States held, in *Celotex Corp. v. Catrett*, 477 U.S. 317, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986),

> In our view the plain language of Rule 56(c) mandates the entry of summary judgment, after adequate time for discovery and upon motion, against a party who fails to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial.

Id. 477 U.S. at 322, 106 S.Ct. at 2552, 91 L.Ed.2d at 273.

The Court also said, "rule 56(e) therefore requires the nonmoving party to go beyond the pleadings and by her own affidavit, or by the 'depositions, answers to interrogatories, and admissions on file,' designate 'specific facts showing there is a genuine issue for trial.'" *Celotex Corp.*, 477 U.S. at 322, 106 S.Ct. at 2552, 91

L.Ed.2d at 274. The Court is satisfied that no factual disputes remain which preclude the entry of summary judgment.

*BACKGROUND*

Plaintiffs are Aetna employees who claim they were stripped of severance benefits that were available to them before Defendant Aetna amended its Severance Plan (Dkt.16. p. 6.). Plaintiffs claim that an informal e-mail sent to Aetna managers in June, 1996 was sufficient to vest their rights to severance benefits under the Plan as it stood before it was amended (Dkt.16, p. 5.). Plaintiffs contend that Aetna knowingly and fraudulently stripped them of their rights which had vested via the informal e-mail. Further, Plaintiffs assert they relied on the contents of this informal e-mail to their detriment.

*Discussion*

Plaintiff's Amended Complaint contains the following causes of action: 1) Count I—Violation of Employee Retirement Income Security Act; 2) Count II—Violation of ERISA for failure to pay benefits, and 3) Count III—Promissory Estoppel.

Counts I and II

Plaintiffs allege that Defendant Aetna breached its fiduciary duty when it amended its job severance plan, which defeated Plaintiffs' alleged rights to vested severance benefits (Dkt.22, p. 4). Plaintiffs further allege that these rights became vested through an informal e-mail which was sent to Aetna managers stating that "Aetna has made a commitment to retain its industry leading job elimination severance package through the end of 1997" (Dkt. 16, paragraph 14).

■ Defendants respond that severance benefits are "employee welfare benefit plans" under the terms of ERISA. Title 29 U.S.C. Sec. 1002(1). As such, "welfare benefit plans neither vest nor accrue." *Owens v. Storehouse, Inc.,* 984 F.2d 394, 397–98 (11th Cir.1993). Plaintiffs argue that although welfare benefits do not vest on their own, nothing prevents an employer from agreeing to vest these benefits or from waiving its ability to terminate or amend the plan. *Schonholz v. Long Island Jewish Medical Center,* 87 F.3d 72 (2nd Cir.1996). While this may be true, *Schonholz* further held that "Any agreement to vest benefits in an ERISA employee plan would only have to be memorialized at the same level of formality that an employer chose in promulgating the plan in the first place." *Id.* at 78. Aetna's original plan met all ERISA standards and even specified that "[Aetna] reserves the right to amend this Plan from time to time in any respect." and also provided a detailed amendment procedure (Exhibit B, p. 15). The Court concludes that the informal e-mail sent to Aetna managers was not at the same level at which Aetna's Plan was promulgated. As a result, the e-mail did not operate to create any vested rights in Plaintiffs.

■ As to the alleged breach of fiduciary duty, Plaintiffs contend that Aetna was required to discharge its duties regarding the Severance Plan solely in the interest of the participants and beneficiaries, and for the exclusive purpose of providing benefits to participants and their beneficiaries. 29 U.S.C. Sec. 1104(a)(1)(A).

Plaintiffs have not shown how Aetna's Amended Plan served any purpose other than to provide its employees with the extra benefit of receiving severance pay when refusing an offer for continued employment that required a commute of over fifty miles. Severance benefits were not previously available if an employee was offered a job from a successor entity, regardless of the commuting distance and "whether or not relocation was required." Defendants argue that "ERISA does not create any substantive entitlement to employer-provided...welfare benefits." *Curtiss–Wright Corp. v. Schoonejongen,* 514 U.S. 73, 78, 115 S.Ct. 1223, 131 L.Ed.2d 94 (1995). Defendants also contend that "[A] company does not act in a fiduciary capacity when deciding to amend or terminate a welfare benefits plan." *Adams v. Avondale Industries, Inc.,* 905 F.2d 943 (6th Cir.1990). The Court agrees.

Plaintiffs have not shown that Aetna's e-mail created vested rights for Plaintiffs, or that Aetna breached its fiduciary duty in amending the Severance Plan. The Court grants summary judgment as to Counts I and II.

Count III

■ Defendants argue that Count III, based on promissory estoppel, fails as a matter of law. The elements of an ERISA estoppel claim are: 1) there must be conduct or language amounting to a representation of material fact; 2) the party to be estopped must be aware of the true facts; 3) the party to be estopped must intend that the representations be acted on, or the party asserting the estoppel must reasonably believe that the party to be estopped so intends; 4) the party asserting the estoppel must be unaware of the true facts; and 5) the party asserting the estoppel must reasonably or justifiably rely on the representation to his detriment. *Sprague v. General Motors Corp.*, 133 F.3d 388, 403 (6th Cir.1998).

■ Plaintiffs argue that Plaintiffs justifiably relied on the informal e-mail to their detriment, and also allege fraud on the part of Aetna (Dkt.16, p. 13). Defendants respond that promissory estoppel claims under ERISA are valid when ambiguous plan provisions, and representations regarding the ambiguous provisions exist. *Alday v. Container Corp. of America*, 906 F.2d 660, 666 (11th Cir.1990). "Estoppel is not available ... when the written plan is unambiguous." *Glass v. United of Omaha Life Ins. Co.*, 33 F.3d 1341, 1347 (11th Cir.1994). Aetna's informal e-mail sent to Aetna managers did not deal with ambiguous plan provisions and representations regarding such provisions, nor was Aetna's original Plan ambiguous. Plaintiffs contend that their facts differ from those in *Alday* because they have included allegations of fraud in the Complaint, which were not present in *Alday*. (Dkt.33, p. 6). While this may be true, Plaintiffs have not stated any specific factual allegations to support their contention. "Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by facts disclosed by a document appended to the complaint." *Associated Builders, Inc. v. Alabama Power Co.*, 505 F.2d 97, 100 (5th Cir.1974).

Plaintiffs have not shown how they relied on the informal e-mail to their detriment. The Severance Plan, as amended, only operated to expand employee welfare benefits, and Plaintiffs have not shown otherwise. The Court grants summary judgment as to Count III.

*Demand for Jury Trial*

■ Jury trials are not available under ERISA. *Blake v. Unionmutual Stock Life Ins. Co.*, 906 F.2d 1525 (11th Cir. 1990). Although Plaintiffs have alleged an action for promissory estoppel, the Court has granted summary judgment to Defendants. The Court grants Defendants' Motion to Dismiss Plaintiffs' Demand for Jury Trial. Accordingly, it is

**ORDERED** that Defendants' Motion to Dismiss (Dkt.20), deemed a Motion for Summary Judgment is **granted,** and the Clerk shall enter a final judgment in favor of Defendants. The Motion to Dismiss Plaintiffs' Demand for Jury Trial is **granted.** The Request for Oral Argument (Dkt.23) is **denied.** The Motion for Leave to File Supplemental Affidavit (Dkt.30) is **denied.** The Motion to Add Parties (Dkt.8), Motion to Dismiss (Dkt.10), and Motion to Extend Time are **denied** as moot.