**Willie R. FLINT, on behalf of himself and all persons similarly situated, Plaintiff,**

v.

**ABB, INC. f/k/a ABB Power T & D Company, Inc., Defendant.**

**No. 02–20424–CIVGRAHAM.**

United States District Court,
S.D. Florida,
Miami Division.

Aug. 12, 2002.

Gary Gerrard, Lexington, GA, Mark J. Heise, Boise Schiller & Flexner, LLP, Miami, FL, for plaintiff.

Ashley B. Abel, Jackson Lewis, Greenville, SC, Lori Anne Brown, Niza M. Motola, Jackson Lewis, Miami, FL, for defendants.

### OPINION AND ORDER

GRAHAM, District Judge.

**THIS CAUSE** came before the Court upon Defendant's Motion to Dismiss the First Amended Class Action Complaint (D.E.23).

**THE COURT** has considered the motion, the pertinent portions of the record,

and is otherwise duly advised in the premises.

## I. *BACKGROUND*

This is a purported class action suit under the Employee Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. § 1001, *et seq.*, for accrued interest on "delayed benefits" wherein the benefits at issue have been reinstated and the subject employee benefit plan did not expressly provide for interest on "delayed benefits."

Plaintiff Willie R. Flint ("Plaintiff" or "Flint"), is a participant and beneficiary of certain employee welfare benefit and pension benefit plans sponsored and/or administered by the Defendant ABB, Inc. or its predecessor ABB Power "ABB" In his Amended Complaint, Plaintiff alleges that his benefits under ABB's long-term disability plan "LTD Plan" or "Plan" were terminated in violation of the LTD Plan, and that although ABB later reinstated said benefits retroactive to the day of termination, he has been denied his "full and complete" benefits because ABB did not pay him accrued interest on the reinstated sum.

The relevant allegations are as follows. In or about March, 1998, Plaintiff became totally disabled as a result of an automobile accident. In due course Flint applied for, and ABB granted, benefits under the LTD Plan. The Plan states that in no case would benefits be paid "for any period on or after the date you fail to furnish satisfactory proof . of the continuance of total disability." D.E. 18, Amended Complaint, Ex. C, at 4.

Approximately three years after Plaintiff became disabled, the Plan's claims administrator, Kemper National Services ("Kemper") obtained information from

Plaintiff's attending physician indicating that Plaintiff had the "physical capacity to perform work activities" and was no longer totally disabled. D.E. 18, Ex. A, at 1.

Consequently, on June 19, 2001, Kemper notified Plaintiff in writing that he no longer met the LTD Plan's definition of total disability, and that Kemper would discontinue his benefits after June 30, 2001. *See Id.* Prior to the June 19, 2001, notice, Kemper did not inform Plaintiff that his case was under review

In his Amended Complaint, Plaintiff now alleges, in conclusory fashion, that a few months following the initial denial of benefits, Plaintiff provided additional medical information, after which the disability benefits were ultimately reinstated on or about December 1, 2001, retroactive to July 1, 2001. However, despite Plaintiff's demands, the reinstated sum did not include any amount for interest. *Id.*[1]

Plaintiff concedes, and the Amended Complaint does not otherwise allege, that the processing of his appeal (which successfully resulted in the reinstatement of his benefits) was handled in a timely manner and within the time frame established by Department of Labor regulations. *See, e.g.,* Plaintiff's Opp Mem. at 12.

Thus, Plaintiff appears to allege that he should be awarded interest on his "delayed benefits," not because of any delay in appeal process, but because Plaintiff claims his benefits should have not been discontinued in the first instance. Plaintiff alleges that had he been given advance warning and an opportunity to submit additional information *before* his benefits were discontinued, his benefits would not have been "delayed." Plaintiff alleges that this failure to provide advance warning or an

---

**1.** Plaintiff conceded in his initial Complaint that "[t]he Plan documents are silent regarding the payment of interest on Delayed Benefits." D.E. 1, Complaint, ¶ 22. Although this allegation is omitted from the Amended Complaint, nowhere does the Amended Complaint allege that the Plan expressly provided for the payment of interest on "delayed benefits."

opportunity to submit further information before his benefits were terminated violated the terms of the LTD Plan.

Plaintiff also alleges that the termination notice provided to him was deficient in that it did not adequately explain the reasons for the termination of his benefits. Further, Plaintiff alleges that, in violation of ERISA and/or the terms of the LTD Plan, Plaintiff was provided with the incorrect Plan documents Amended Complaint, ¶¶ 18–29.

Based on the alleged violations as set forth above, Plaintiff alleges that he should be entitled to accrued interest on the "delayed benefits" already provided to him.

## II. *STANDARD OF REVIEW*

It is axiomatic that "a complaint shall not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff cannot prove a set of facts which will entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–46, 78 S.Ct. 99, 102, 2 L.Ed.2d 80 (1957). In ruling on a motion to dismiss, a federal court must view the complaint in the light most favorable to plaintiff and accept its allegations as true. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Beck v. Deloitte & Touche*, 144 F.3d 732 (11th Cir.1998). Thus, in the context of a motion to dismiss, the issue is not whether plaintiff will ultimately prevail, but "whether the claimant is entitled to offer evidence to support the claims." *Scheuer v. Rhodes*, 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974).

## III. *DISCUSSION*

A *Count I*

Count I arises under § 502(a)(3)(B) of ERISA, 29 U.S.C. § 1132(a)(3)(B), which provides in pertinent part that a civil action may be brought:

> by a participant, beneficiary or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan.*

29 U.S.C. § 1132(a)(3) (emphasis supplied). Under this count, Plaintiff contends that interest is due him as a matter of equity, in order to prevent the Plan's unjust enrichment

In order for Plaintiff to state a claim for interest on "delayed benefits," Plaintiff must adequately allege facts supporting a claim that Kemper violated either a specific ERISA requirement or the terms of the LTD Plan itself, and the alleged violation must be of the kind which gives rise to a claim for equitable relief. 29 U.S.C. § 1132(a)(3)(B).

In this Court's Order dated April 10, 2002, granting Defendants' motion to dismiss with leave to amend, the Court noted the following pleading deficiencies with respect to Plaintiff's claim for interest on delayed benefits:

> [T]he Complaint makes no allegations and fails to state any facts indicating that Plaintiff's benefits were wrongfully withheld and "delayed" in violation of any provision of the Plan or ERISA. The Complaint does not allege that benefits were not paid in a timely manner under ERISA regulations. Nor does it allege that benefits were delayed in violation of the LTD Plan's appeal procedures. Nor does the Complaint allege any facts which may indicate that the processing of his claim for disability benefits was otherwise unreasonable, or in violation of ERISA or the terms of the Plan. Without more, the Court must conclude that as pled, the Complaint fails to allege facts which make out a Section 502(a)(3)(B) claim for accrued

interest with respect to "delayed benefits".

See April 10, 2002 Order, D.E. 16, at 8–9.

In an attempt to correct the prior pleading deficiencies identified by this Court, Plaintiff alleges in his Amended Complaint that Defendants violated either ERISA or the Plan by 1 failing to provide advance warning and an opportunity to submit additional medical information in support of continuing disability, prior to terminating his benefits; providing inadequate notice of the specific reasons for termination of his benefits; and (3) providing Plaintiff with incorrect Plan documents. *See* Amended Complaint, ¶¶ 18–29.

In response to this Court's prior Order, Plaintiff argues that the timeliness of the process through which his benefits were reinstated is irrelevant to the issue of his entitlement to the equitable relief of interest on "delayed benefits." Plaintiff's Opposition Brief, D.E. 32, at 12. The Court consider each of these allegations, and the purported violations of ERISA or the Plan, in turn.

1. *Whether the "Advance Warning" Allegations Support Plaintiff's Claim for Equitable Relief*

Plaintiff primarily contends that he is entitled to interest on his "delayed benefits" because Kemper allegedly violated procedure outlined in the LTD Plan, by not allowing or requesting Plaintiff to substantiate his disability *before* Kemper discontinued his benefits in June, 2001. Specifically, Plaintiff singles out the following provision from the LTD Plan:

In no case will benefits be paid by this Plan -

(1) For any period on or after the date you fail to furnish satisfactory proof as required by the insurance company, of the continuance of total disability.

Amended Complaint, Ex. C. Thus, as the plain terms of this provision makes clear, the failure to furnish satisfactory proof of disability may constitute grounds for the denial of benefits

Plaintiff, however, offers a far broader interpretation of this provision, and submits that it imposes an obligation on Kemper to request and allow plan participants to furnish additional information *before* benefits can be discontinued. Thus, in the instant case, Plaintiff contends that prior to discontinuing his benefits, this provision required Kemper to allow Plaintiff to furnish *further* information to refute or contradict the information Kemper had already obtained (as referenced in Exhibit A to the Amended Complaint).

The Court finds that the provision's plain language does not support Plaintiff's strained interpretation. The Plan provision at issue here merely states that *if* Kemper were to ask Plaintiff to furnish satisfactory proof of the continuance of his total disability, and Plaintiff failed to provide it, the failure to provide benefits shall constitute grounds for the termination of benefits

Accordingly, because Plaintiff has not properly alleged that the failure to provide "advance warning" or an opportunity to submit additional information prior to the termination of benefits violated any provision of ERISA or the LTD Plan, such allegations cannot state a claim for accrued interest as equitable relief under Section 502(a)(3)(B).

2. *Whether the "Inadequate Notice" Allegations Support Plaintiff's Claim for Equitable Relief*

Plaintiff next contends that he is entitled to accrued interest on his "delayed benefits" because Kemper's June 2001, 3–page letter to Plaintiff inadequately ex-

plained reasons for the termination of his benefits, in violation of ERISA regulations.

The pertinent ERISA regulation obliges Kemper to provide Plaintiff with a written notification of any adverse benefit determination, and the notification must set forth, in a manner calculated to be understood by the claimant:

(i) The specific reason or reasons for the adverse determination; (ii) Reference to the specific plan provisions on which the determination is based; (iii) A description of any additional material or information necessary for the claimant to perfect the claim and an explanation of why such material or information is necessary; (iv) A description of the plan's review procedures and the time limits applicable to such procedures, including a statement of the claimant's right to bring a civil action under section 502(a) of the Act following an adverse benefit determination on review.

29 C.F.R. § 2560.503–1(g).

The Court finds that Plaintiff's conclusory assertion the June 19, 2001 notification letter was inadequate is contradicted by the letter itself, which is attached as Exhibit A to the First Amended Complaint. By its terms, the notification letter provided the specific reasons for the adverse determination, made reference to the specific Plan provision on which the denial was based, explained how Plaintiff might perfect his claim, and described the Plan's review procedures and the time limits applicable to such procedures. *See* Amended Complaint, Ex. A, at 1–3.

Further, Plaintiff's reliance on *Halpin v. W.W. Grainger, Inc.,* 962 F.2d 685 (7th Cir.1992), is inapposite. In *Halpin,* the Seventh Circuit held that the denial letter at issue in the case did not comply with the notice regulations because the letter did not state the specific reasons for the denial 962 F.2d at 693. In the instant case, Plaintiff's denial letter, attached as Exhibit A to the First Amended Complaint, unambiguously states the reasons for the discontinuance of benefits.

In support of his argument that the denial letter did not comply with ERISA regulations, Plaintiff appears to resort to additional factual issues that are not pled and/or referenced in the First Amended Complaint. These issues are improperly before the Court, and will not be considered herein.

Accordingly, because the terms of Exhibit A plainly contradict Plaintiff's conclusory allegations, and reveal that Plaintiff was provided with the specific reason for the termination of benefits and the Plan provision relied upon, the Court finds that Plaintiff has failed to state a claim for interest on "delayed benefits" on the ground that the notification letter was in violation of ERISA regulations or the terms of the Plan. *See generally Associated Builders, Inc. v. Alabama Power Co.,* 505 F.2d 97 (5th Cir.1974)(ruling that on motion to dismiss, conclusory allegations are not admitted as true when such conclusions are contradicted by facts disclosed by document appended to complaint, and holding that dismissal is appropriate if appended document reveals facts which foreclose recovery as matter of law).

3. *Whether Plaintiff's Allegations Concerning the Plan Documents Support A Claim for Equitable Relief*

Finally, Plaintiff maintains that he is entitled to interest on delayed benefits because Kemper violated the Plan and/or ERISA by providing his attorney with the documents attached as Exhibit B, which Plaintiff claims are "on their face erroneous, self-contradictory, and state that they are not the actual plan documents," that they "contain not one, but two LTD plans," and that Plaintiff "cannot be sure if any of the documents provided by [Kemper] are

the actual plan documents." Amended Complaint, ¶ 22

The Court finds, however, that there simply is no question about the applicable Plan document, which Plaintiff himself has attached as Exhibit C to the First Amended Complaint, and has relied on in advancing his claims. Further, it is difficult to see how any failure to provide Plan documents *after* benefits were denied can support Plaintiff's claim for interest on delayed benefits, where the argument concerning delay is that the *initial* denial itself should have never been made. Accordingly, such allegations fail to state a claim for interest as equitable relief under Section 502(a)(3)(B)

### 4. Whether The Timeliness of the Appeal Process Is a Relevant Issue With Regard to Stating a Claim for Delayed Benefits

Plaintiff argues that under the Second Circuit's decision in *Dunnigan v. Metropolitan Life Ins. Co.*, 277 F.3d 223 (2nd Cir.2002), the timeliness of the appeals process is irrelevant to the issue of stating a claim for interest on delayed benefits, and that it is sufficient to merely plead that benefits were "unjustly delayed."

In *Dunnigan*, the Second Circuit held that a five-year delay in the payment of benefits, if unjustified, constituted a breach of fiduciary duty which entitled a beneficiary to receive interest on his benefits. *See id.*, 277 F.3d at 229–230. The complaint in *Dunnigan* specifically pled that the denial of the participant's benefits application and appeal occurred after expiration "of the time periods specified by the Secretary of Labor's regulations." *Id.*, at 226. *See also Clair v. Harris Trust & Savings Bank*, 190 F.3d 495, 499 (7th Cir.

1999) (dismissing as "bordering on the frivolous" a claim of untimeliness where benefit appeals were processed within the time frame established by regulation).

Unlike the situation in *Dunnigan*, which involved a Plaintiff who was forced to wait 60 months for her benefits, there is no allegation here that Plaintiff's appeal was not processed in a timely manner or in violation of ERISA regulations. Rather Plaintiff's own allegations make clear that the appeal process functioned precisely as intended, and successfully resulted in the retroactive reinstatement of Plaintiff's benefits, within six months of the initial adverse decision.

The Court finds the timeliness of the appeal is relevant to whether Plaintiff has stated a claim for accrued interest on "delayed benefits." Again, as with the initial Complaint, the Court finds that the Amended Complaint fails to state any facts supporting a claim that benefits were "delayed" in violation of any provision of the Plan or ERISA. The Amended Complaint does not allege that benefits were not paid in a timely manner under ERISA regulations. Nor does it allege that benefits were delayed in violation of the LTD Plan's appeal procedures

As such, the Court must conclude that the Amended Complaint fails to allege a Section 502(a)(3)(B) claim, as Plaintiff has not adequately alleged that Kemper violated either a specific ERISA requirement or the terms of the LTD Plan itself, such that the alleged violation would give rise to an equitable claim for interest on "delayed benefits." [1]

### 5. Equitable remedies

In the Amended Complaint, Plaintiff seeks, *inter alia*, a declaratory judgment

---

1. In addition to naming the ABB LTD Plan as a defendant, Plaintiff has named numerous other plans in his Amended Complaint. Plaintiff failed to allege any claim for benefits under any of these other plans. Accordingly, Count I must be dismissed in its entirety as to all Defendants.

that all payments by the Defendants to members of the class for delayed benefits must include interest, injunction requiring the Defendant to pay class members interest on delayed benefits, the imposition of a constructive trust in favor of the class members upon all Plan assets equal to interest on delayed benefits, and equitable restitution to class members in the amount of interest on the delayed benefits. *See* Amended Complaint, at ¶ 42.

The Supreme Court has held that the term "equitable relief" in Section 502(a)(3) must refer to "those categories of relief that were typically available in equity," and not whatever relief a court of equity might be empowered to provide in a particular case. *Mertens v. Hewitt Associates,* 508 U.S. 248, 256, 113 S.Ct. 2063, 124 L.Ed.2d 161 (1993); *see also Great–West Life & Annuity Ins. Co. v. Knudson,* 534 U.S. 204, 122 S.Ct. 708, 712–713, 151 L.Ed.2d 635 (2002). Defendants argue that the relief sought in Count I—accrued interest for delayed benefits—is not the type of "equitable relief" typically available in equity under the circumstances presented in this case.

However, having determined, as set forth above, that the Amended Complaint fails to allege facts that Defendants violated term of the Plan or ERISA in support of his claim for interest on delayed benefits, the Court need not reach this issue.

B.  *Count II*

Plaintiff concedes that the Court previously ruled that he had failed to state a cause of action under § 502(a)(1)(B), and merely repleads Count II in the Amended Complaint to preserve the issue for appellate review. Accordingly, for the reasons set forth in the Court's April 10, 2002, Order, Count II must also be dismissed

## CONCLUSION

Based on the foregoing, it is

**ORDERED AND ADJUDGED** that the Motion to Dismiss the First Amended Complaint is hereby **GRANTED**. The First Amended Complaint is hereby DISMISSED, with prejudice. It is further

**ORDERED AND ADJUDGED** that this case is CLOSED for administrative purposes, and any pending motions are denied as moot.