**In re SOUTHERN GOLF PARTNERS, LLC, Debtor.**

**Southern Golf Partners, LLC, Plaintiff,**

v.

**State Bank & Trust Company, Defendant/Counterclaim Plaintiff,**

v.

**Allan Boyd Simpson and David H. Cofrin, Additional Defendants in Counterclaim.**

**Bankruptcy No. 10–61636–CRM.**
**Adversary No. 10–6644–CRM.**

United States Bankruptcy Court, N.D. Georgia, Atlanta Division.

July 12, 2011.

---

J. Hayden Kepner, Jr., Scroggins & Williamson, Atlanta, GA, for Plaintiff.

Lynn L. Carroll, Siegel & Golder PC, Atlanta, GA, for Defendant/Counterclaim Plaintiff.

John A. Christy, Schreeder, Wheeler & Flint, LLP, Atlanta, GA, for Additional Defendants in Counterclaim.

### ORDER

C. RAY MULLINS, Bankruptcy Judge.

This MATTER is before the Court on the Motion to Dismiss (the "Motion") filed by State Bank & Trust Company (the "Bank"). On November 17, 2010, the Plaintiff filed the Complaint. On December 17, 2010, the Bank filed an answer and a counterclaim against the Plaintiff, Allan Boyd Simpson, and David H. Cofrin. On February 17, 2011, Simpson and Cofrin filed an answer to the counterclaim. On May 26, 2011, the Bank filed the Motion, and on June 20, 2011, the Plaintiff filed a response. The Court has jurisdiction pursuant to 28 U.S.C. § 1334; this action is a core proceeding pursuant to 28 U.S.C. § 157(b)(2). The Court grants the Motion for the reasons set forth below.

### I. MOTION TO DISMISS CONSTRUED AS A MOTION FOR JUDGMENT ON THE PLEADINGS

As a preliminary matter, the Court construes the Motion as a Motion for Judgment on the Pleadings pursuant to FED. R.CIV.P. 12(c) and 12(h), made applicable to this proceeding by FED.R.BANKR.P. 7012. The Plaintiff argues that the Motion is untimely and should be dismissed because FED.R.CIV.P. 12(b) requires that any of the defenses, including failure to state a claim, "must be made before pleading if a responsive pleading is allowed." However, FED. R.CIV.P. 12(h) provides that a "[f]ailure to state a claim [defense] ... may be raised: (A) in any pleading allowed or ordered under Rule 7(a); (B) by a motion under Rule 12(c); or (C) at trial." A motion under FED.R.CIV.P. 12(c) may be made "[a]fter the pleadings are closed—but early enough not to delay trial." The Court finds that the failure to state a claim defense is not untimely and construes the Motion as one for judgment on the pleadings. *See e.g., Wells Fargo Fin. Nat'l Bank v. Nguyen (In re Nguyen)*, 2008 WL 7872863, at *1 (Bankr.N.D.Ga. Feb.21, 2008) (construing the motion to dismiss as a motion for judgment on the pleadings because the defendant had already filed an answer); *see also Forseth v. Village of Sussex*, 199 F.3d 363, 368 n. 6 (7th Cir. 2000) (finding district court correctly construed defendant's post-answer motion to dismiss for failure to state a claim as a motion for judgment on the pleadings).

FED.R.CIV.P. 8, made applicable by FED. R.BANKR.P. 7008, requires "a short and plain statement of the claim showing that the pleader is entitled to relief." A complaint must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the

misconduct alleged." *Ashcroft v. Iqbal,* —— U.S. ——, 129 S.Ct. 1937, 1949, 173 L.Ed.2d 868 (2009) (citing *Bell Atl. Corp. v. Twombly,* 550 U.S. 544, 127 S.Ct. 1955, 167 L.Ed.2d 929 (2007)). The Court's "duty to accept the facts in the complaint as true does not require it to ignore specific factual details of the pleading in favor of general or conclusory allegations. Indeed, *when the exhibits contradict the general and conclusory allegations of the pleading, the exhibits govern." Griffin Industries, Inc. v. Irvin,* 496 F.3d 1189, 1205–06 (11th Cir.2007) (citing *Associated Builders, Inc. v. Ala. Power Co.,* 505 F.2d 97, 100 (5th Cir.1974) ("Conclusory allegations and unwarranted deductions of fact are not admitted as true, especially when such conclusions are contradicted by the facts disclosed by a document appended to the complaint. If the appended document, to be treated as part of the complaint for all purposes under Rule 10(c), FED.R.CIV.P., reveals facts which foreclose recovery as a matter of law, dismissal is appropriate." (citation omitted))) (emphasis added).

## II. THE PLAINTIFF'S ALLEGATIONS AND ARGUMENTS

On February 1, 2008, the Plaintiff obtained a $3 million line of credit (the "LOC") from Buckhead Community Bank (the "Lender"). (Compl. ¶ 6.) The Plaintiff and the Lender executed a Business Loan Agreement to memorialize the terms of the LOC transaction, including the grant of a security interest in all of the Plaintiff's inventory. (Compl. ¶¶ 8, 11.) The Plaintiff alleges that, as part of a "combined credit commitment," the Lender agreed to issue one-year standby letters of credit ("SBLOC") up to an aggregate amount of $750,000. (Compl. ¶ 6.)

On December 4, 2009, the Federal Deposit Insurance Corporation (the "FDIC") was appointed as receiver for the Lender.

(Compl. ¶ 15.) The Plaintiff alleges that on December 4, 2009, the FDIC immediately entered into a Whole Bank Purchase and Assumption Agreement (the "Whole Bank Agreement") with the Bank. (Compl. ¶ 15.) According to the Plaintiff, in late 2009 and early 2010, beneficiaries of the SBLOC attempted to make draws under the letters, but the FDIC and/or the Bank refused to pay. (Compl. ¶ 16–18.) On January 22, 2010, the FDIC sent a letter repudiating the SBLOC (the "Repudiation Letter"). (Compl. ¶ 21.) The Repudiation Letter states that the FDIC, pursuant to its statutory authority, determined that disaffirmance of the SBLOC would promote the orderly administration of the Lender's affairs. (Compl. ¶ 20, Ex. 5.)

The Plaintiff (1) objects to the Bank's proof of claim (the "POC"), (2) seeks to void the lien on the Plaintiff's inventory, (3) requests subordination of the POC, and (4) prays for damages caused by the repudiation and/or breach of contract. The Plaintiff attaches the following exhibits: a Commitment Letter, the Business Loan Agreement, the Promissory Note in the amount of $3 million, the Security Agreement, the Repudiation Letter, and the POC. The Plaintiff advances two theories to establish the Bank's liability. The first is the theory that the LOC and the SBLOC are so "inextricably intertwined" that "the legal effect of the Repudiation was to repudiate the entire Loan [the LOC and SBLOC]." (Compl. ¶ 21, 22.) The second is based on the Whole Bank Agreement; the Plaintiff alleges that the FDIC assigned the LOC and SBLOC on December 4, 2009. The Plaintiff claims that the "Bank acknowledges it was the holder of the Loan [referring to the LOC and SBLOC] that is the subject matter of this litigation ... as of December 4, 2009, *before* the Repudiation, even though the as-

signment document is dated April, 2010." (Doc. No. 29, Response, p. 6 (referencing the Motion at p. 9 and Compl. ¶ 25 Ex. 6) ("The Repudiation Letter did not reference or disaffirm the $3,000,000 Loan, ..., and [the] FDIC had *previously* transferred the $3,000,000 Loan to State Bank.") (emphasis added)).

## III. DISCUSSION

On review of the Complaint and the loan documents, the Court finds that the Plaintiff's conclusory allegations, based on the "inextricably intertwined" and the Whole Bank Agreement theories, are contradicted by the exhibits. It is evident that the LOC and the SBLOC are not "inextricably intertwined." First, the exhibits—the Business Loan Agreement, Promissory Note, and Security Agreement—only concern the $3 million LOC loan. Second, the Commitment Letter merely references the SBLOC but does not show any evidence that the SBLOC is part of the LOC transaction. Third, the Repudiation Letter, dated January 22, 2010, only concerns the SBLOC and makes no mention of any Whole Bank Agreement, which the Plaintiff alleges transpired on December 4, 2009. Fourth, the Bank's POC contradicts the Plaintiff's allegations (attached to the POC is the Assignment of the Note and Security Deed for the $ 3 million LOC, dated April 6, 2010). It is this Assignment that the Plaintiff claims supports its allegation that the Bank acknowledges it held the LOC and the SBLOC obligations. However, the Assignment clearly shows that it assigned only the LOC loan, and that it was made after the receivership, the Repudiation Letter, and any of the alleged breaches for failure to honor the SBLOC.

The Plaintiff argues that the Bank "utterly fails to establish any basis for this Court to adopt the ruling of an interlocutory order involving different parties and issues." (Doc. No. 29, Response, p. 9.) This Court does not rely on or adopt the interlocutory order entered by the district court.[1] The Court has considered the pleadings in this case and concludes that the SBLOC and the LOC are not "inextricably intertwined." The Court also finds that the bald conclusory allegation that a Whole Bank Agreement was executed on September 9, 2009, making the Bank liable for breach of the SBLOC, is unsupported by the factual allegations in the Complaint and exhibits.

The Plaintiff also argues that the Bank is not entitled to limit damages pursuant to the Financial Institutions Reform, Recovery, & Enforcement Act of 1989 ("FIRREA") because the statute only applies to the FDIC as receiver. "Even if the District Court is correct that the anti-injunction provision of FIRREA prohibits the Plaintiff from determining the legal effect of the FDIC's action, the Bank [in this adversary proceeding] cites no authority holding that the benefits and protections of that provision extent to State Bank to prohibit this Court from determining the legal effects of State Bank's action." (Doc. No. 29, Response, p. 12.) The Court's decision herein does not rely in any way on the application of FIRREA.

## IV. CONCLUSION

IT IS ORDERED that the Motion (Doc. No. 26) be and is hereby GRANTED.

---

1. *Southern Golf, Simpson, & Cofrin v. FDIC, as receiver for Buckhead Community Bank,* 1:10–cv–03733–TCB filed on November 11, 2010. On May 2, 2011, the district court granted the FDIC's motion to dismiss in part.

IT IS FURTHER ORDERED that the Bank's counterclaim (Doc. No. 4) is dismissed.

The Clerk's Office is directed to serve a copy of this Order on all Parties to this Adversary Proceeding and their respective Counsel.

**IT IS ORDERED.**